# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

MARILYN DARCEL WALTON,       )
                             )
Plaintiff,                   )
                             )
   v.                        )   CAUSE NO: 2:17-CV-170
                             )
MICHAEL RICHARD PENCE, et al.,)
                             )
Defendants.                  )

## OPINION AND ORDER

This matter is before the Court on the Complaint (DE #1) and the Petition to Proceed Without Pre-Payment of Fees and Costs (DE #2) filed by Plaintiff, Marilyn Darcel Walton, on April 17, 2017. For the reasons set forth below, the Court:

(1) **DISMISSES** the complaint (DE #1);

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including May 16, 2017, to file an amended complaint in accordance with this order and either pay the filing fee or refile her *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

(4) **CAUTIONS** Plaintiff that if she does not respond by the deadline, this action is subject to termination without further notice.

BACKGROUND

Plaintiff, Marilyn Darcel Walton ("Walton"), initiated this case by filing a *pro se* complaint (DE #1) and a petition to proceed *in forma pauperis* ("IFP") (DE #2) on April 17 2017. In her complaint, Walton lists seventeen defendants including but not limited to Vice President Michael Pence, Former President Barack Obama, a former CEO of U.S. Steel, two educational institutions, a car dealership, a security company, a real estate company, an apartment management service, two hospitals, and an attorney. (DE #1.) Walton's legal theories are not discernable from the complaint itself, but the Civil Cover Sheet indicates that she is suing for assault, libel and slander; personal injury; fraud; and civil rights violations arising (at least in part) under the Americans with Disabilities Act. She further indicates that her cause of action stems from the illegal removal of minor children and that she is seeking an injunction against the defendants.

Despite the categorization of her claim in the civil cover sheet, the complaint itself does not make mention of the illegal removal of children. It also does not mention her alleged disability. It does indicate that she was once employed by both Allstate and U.S. Steel, and she witnessed discrimination in the course of her employment with these employers. She alleges that, following her termination from U.S. Steel, she was offered her job back if she dropped a lawsuit. The complaint contains criticism

of Former President Barack Obama, and a section implying the former president had a personal relationship with the Plaintiff:

> I believe someone told him that his feelings for me were inappropriate to say the least. Barack Obama was not supposed to have a conversation about me in the dark. He made what could have been a great experience for my family; the President of the United States found favor in Marilyn Walton, he made it sordid.

(DE #1 at 8).

She seems to be suggesting she also had some kind of relationship with Vice President Pence:

> There was a woman that these powerful men were willing to pay for. The reasons varied. He wanted to prove that he was just as good as those big city fellows. Pence could have done this in a way that lines up with his world view. He didn't make it to the White House with hard work. He seized an opportunity at my expense. I paid the price.

(DE #1 at 8-9).

Plaintiff alleges she is being surveilled by a number of people or institutions.

> Tradewinds Services was filled with broken people that were all too happy to let me know that they know my most private routines. A worker even mentioned cameras being in my home.

(DE #1 at 9). She believes that someone at Team Volkswagen installed surveillance in her car when she took it there for a repair. (DE #1 at 5-6). Both Whelen Security and Andover management are using cameras, presumably to surveil her although

3

the complaint does not actually say that. (*Id.* at 10). There is even some suggestion that Former President Barack Obama has personally surveilled her. (DE #1 at 11, "I don't have a photograph a [sic] Barack Obama sitting in the dark watching me on his tabled.").

These concerns are also echoed in the documents attached to the complaint. One emails indicates that:

> While working in the lobby at 20 S. Clark, I began to detect that my word [sic] were being recorded. People affiliated with the building were granted access to my private information. Any "private" conversation I may have had regarding my sex life, financial situation, tax situation, parking tickents [sic] etc[.] was shared with strangers. My private information was often regurgitated or used by men that may have felt ignored by me. There were lawyers and doctors that would look at me quite menacingly without provocation. I suffered daily attacks on my character.

(DE #1-2 at 1). An attached letter addressed to Former President Barack Obama also expresses concerns about her privacy and a desire to obtain the information the government has collected on her since 2007. (DE # 1-3 at 12). She claims this surveillance became worse in 2009, referencing her apartment complex, the library, I.U. Northwest, Chicago State, and Team Volkswagen. (*Id.* at 12).

As for her prayer for relief, Walton seeks "50% of their wealth." (*Id.* at 11).

> I need a nice home in Arizona. I need for my mother to relocate also. She too has been

4

> affected by this thing. I also must settle
> debts with my creditors.

(*Id.*).

ANALYSIS

The IFP statute, 28 U.S.C. § 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. *See* 28 U.S.C. § 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r,* 841 F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that "no reasonable person could suppose to have any merit" is considered frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). To determine whether the suit states a claim upon

which relief can be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12 (b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

In this case, while Walton's poverty level justifies IFP status, the suit as drafted cannot proceed. This Court has considered Walton's complaint in full, including the allegations summarized above. The Court finds the Plaintiff's allegations, at least as presented in the instant complaint, are fantastical and

delusional.  As one court explained in *O'Connor v. United States,* "there are psychiatric conditions which cause individuals to exaggerate life situations, including ordinary conversations, slights and encounters, and interpret them in a highly self-referential fashion." *O'Connor v. U.S.*, 159 F.R.D. 22, 23-25 (D. Ma. 1994).

While this Court is skeptical that Walton will be able to correct the shortcomings of the instant complaint, in an abundance of caution, she will be permitted to amend her complaint to clarify her claims.  Should she choose to amend her complaint, she should clearly identify who she is intending to sue and what her legal claims are, and she must provide sufficient factual details related to each claim that explains what each defendant did (or did not do) which makes that defendant liable to her.  She needs to provide the facts on which her claims are based, and she needs to describe what injuries she has suffered as a result of each claim.

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted).

Furthermore, the Court cautions Walton that she should comply with the Federal Rules of Civil Procedure including Rule 20(a).[1] Though it is possible to join more than one claim and more than one defendant in a single lawsuit, "[u]nrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Walton should proceed accordingly.

Additionally, claims that have been previously litigated on the merits cannot be relitigated here. Walton indicates in her complaint that she has never sued anyone for these claims before. (DE #1 at 1). The Court notes, however, that Walton has been a plaintiff in two other suits in this district and that those lawsuits appear at least somewhat connected to the current allegations. *See Walton v. U.S. Steel*, 2:07-CV-331 (employment discrimination suit); *Sandifer v. Surma*, 2:07-CV-443 (equal pay act claim).

CONCLUSION

For the reasons set forth above, the Court:

(1) **DISMISSES** the complaint (DE #1);

---

[1] "Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

8

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including May 16, 2017, to file an amended complaint in accordance with this order and either pay the filing fee or refile her *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

(4) **CAUTIONS** Plaintiff that if she does not respond by the deadline, this action is subject to termination without further notice.

**DATED: April 26, 2017**　　　　　**/s/RUDY LOZANO, Judge**
　　　　　　　　　　　　　　　　　　**United States District Court**