```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION
```

MARILYN DARCEL WALTON,         )
                               )
Plaintiff,                     )
                               )
    v.                         )    CAUSE NO: 2:17-CV-170
                               )
MICHAEL RICHARD PENCE, et al., )
                               )
Defendants.                    )

## OPINION AND ORDER

This matter is before the Court on the "Motion to Amend Complaint" (DE #4) and the Petition to Proceed Without Pre-Payment of Fees and Costs (DE #5) filed by Plaintiff, Marilyn Darcel Walton, on May 16, 2017. For the reasons set forth below, the Court **DISMISSES** the complaint with prejudice and **DENIES** the motion for leave to proceed *in forma pauperis*. Also before the Court is a "Motion to amend list of attachments" (DE #6) filed by Marilyn Darcel Walton on May 16, 2017. The motion to amend list of attachments is **DENIED AS MOOT**.

BACKGROUND

Plaintiff, Marilyn Darcel Walton ("Walton"), initiated this case by filing a *pro se* complaint (DE #1) and a petition to proceed *in forma pauperis* ("IFP") (DE #2) on April 17 2017. In her

1

complaint, Walton lists seventeen defendants including but not limited to Vice President Michael Pence, Former President Barack Obama, a former CEO of U.S. Steel, two educational institutions, a car dealership, a security company, a real estate company, an apartment management service, two hospitals, and an attorney. (DE #1). The allegations contained in Walton's complaint have already been summarized by this Court and need not be repeated here. (DE #3). This Court determined that Walton's allegations were fantastical and delusional. While skeptical that Walton would be able to amend her complaint to state a claim, she was nonetheless given an opportunity to correct the complaint's shortcomings. The Court granted her until May 16, 2017 to file an amended complaint and either pay the filing fee or refile her *in forma pauperis* petition.

On May 16, 2017, Walton filed the instant motion to amend complaint. Despite the title, the motion is construed by the Court as an amended complaint because the Court's previous order made clear that leave to file an amended complaint had been granted and because the motion itself suggests that the filing was intended to be an amended complaint. (DE #4, "This complaint is brought pursuant to: Amendment XIII of the U.S. Const."). Walton also filed another motion to proceed in forma pauperis.

ANALYSIS

The IFP statute, 28 U.S.C. § 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the lawsuit. *See* 28 U.S.C. § 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r,* 841 F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim that "no reasonable person could suppose to have any merit" is considered frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). To determine whether the suit states a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding

a motion to dismiss under Rule 12 (b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff.  *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).  To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'"  *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).  "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief."  *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

In this case, while Walton's poverty level justifies IFP status, the suit cannot proceed.  Despite this Court's skepticism that Walton could amend her complaint in a manner that complied with the Federal Rules of Civil Procedure, she was granted an opportunity to do so and given clear instructions regarding what was required.  The amended complaint is as rambling and incoherent as the earlier complaint, and the allegations remain fantastical and delusional.  Whether considered alone or together with the earlier complaint, no factual basis for any legally discernable

claim is ascertainable.  At this juncture, dismissal with prejudice is warranted.  Walton has demonstrated she either cannot or will not produce a complaint that complies with the federal rules of civil procedure.

The motion to amend list of attachments is **DENIED AS MOOT**. Walton's most recent pay information and copies of her recent FOIA requests are not relevant to this Court's determination that her amended complaint must be dismissed.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the complaint with prejudice and **DENIES** the motion for leave to proceed *in forma pauperis*.

**DATED: July 6, 2017**          **/s/RUDY LOZANO, Judge**
                                  **United States District Court**